**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBERT E. COTNER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Case No. CIV-12-900-M |
| | ) |
| **WARDEN McCOLLUM,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claims that the named Respondents – his current warden, the Oklahoma Supreme Court, and the State of Oklahoma – "refuse to comply with state Court rules, state statutes, and the Constitution, in effect SUSPENDING Habeas in State Courts, REQUIRING a 2241 application in this Court."[1] Petition, Doc. 1, p. 1. Respondent McCollum[2] has filed a motion to dismiss the petition on the ground that the limitations period for filing the petition has expired and on the additional ground that it is a successive petition and cannot be maintained absent leave from the Tenth Circuit Court of Appeals. Motion to Dismiss, Doc. 23. Despite the extension of Petitioner's response time until December 3, 2012, because of his stated concerns with access to legal resources, Order, Doc. 24, he has

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

[2] The state officer having custody of the applicant is the properly named respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Oklahoma Supreme Court and the State of Oklahoma are dismissed as Respondents.

filed numerous papers in connection with the dismissal motion, including a Response/Traverse to States Answer [and] Motion to Dismiss. Response, Doc. 28. Accordingly, the matter is at issue.

A review of the Petition and its attachments discloses that Petitioner's claims arise out of his conviction and sentence in Creek County District Court, Case No. CRF-91-194. In this regard, available judicial records from the Supreme Court of the State of Oklahoma demonstrate the extent of Petitioner's efforts to challenge his conviction and sentence in the Oklahoma judicial system:

> The petitioner's application for a writ of habeas corpus to inquire into the legality of his confinement is granted.
>
> The Court takes judicial notice that the legality of the petitioner's confinement has been determined by order of the Oklahoma Court of Criminal Appeals in cause No. F-1992-866, which is a decision of the court of last resort over criminal matters in this state. The date of the order affirming the petitioner's judgments and sentences was October 25, 1994, and Mandate was issued on January 9, 1995.
>
> Subsequently, the petitioner appears to have pursued eight applications for post-conviction relief and 26 petitions for habeas corpus before the Oklahoma Court of Criminal Appeals, in which the legality of his confinement has been recognized. The petitioner has additionally pursued 144 applications for original jurisdiction, more or less, before the Oklahoma Court of Criminal Appeals, and before this Court. The Court takes judicial notice that the instant proceeding is the petitioner's 11th petition for writ of habeas corpus in this Court.
>
> The legality of the petitioner's confinement has been determined repeatedly, and is no longer open to question.

*Cotner v. Trammel,* No. 109,698, slip. op. (Oct. 10, 2011).

Petitioner has also sought relief in the federal system in connection with the same

conviction and sentence. In this regard, the Tenth Circuit has

> note[d] that in an appeal involving a separate habeas petition Cotner filed in the western District of Oklahoma challenging the same convictions and sentences challenged in this case, we ordered the district court to enter an order denying the petition in its entirety. *Cotner v. Hargett,* No. 96-6349 (10th Cir. Jan. 8, 1998) (unpublished). Therefore, in any future habeas petition, Cotner must comply with the requirements of 28 U.S.C. § 2244(b).

*Cotner v. Cody,* No. 96-5269, 1998 WL 4336, at *2 (10th Cir. Jan. 8, 1998) (unpublished op.).

Petitioner does not contend that he complied, as required, with the requirements of 28 U.S.C. § 2244(b) for a second and successive habeas corpus application. Rather, he maintains that he is not "attempt[ing] to raise 2254 issues." Motion to Strike Margie Weaver's Motion To dismiss, AND Hold Respondents Waived Defense to Habeas Claims, Doc. 31, p. 1. Petitioner's construction of his petition aside, to the extent the petition implicates claims arising under 28 U.S.C. § 2254 by challenging the validity of Petitioner's conviction and sentence, dismissal is recommended on the grounds that Petitioner failed to comply with the requirements of 28 U.S.C. § 2244(b). This recommendation necessarily encompasses those claims which Petitioner attempts to assert through citation to *Lafler v. Cooper,* 132 S.Ct. 1376 (2012) (a defendant's right to counsel under the Sixth Amendment extends to the plea-bargaining process). Petition, Exhibit A, p. 1.[3]

To the extent Petitioner's allegations impact the duration of his confinement and state possible claims for habeas relief under 28 U.S.C. § 2241, 28 U.S.C. § 2244(d)(1)(D) requires

---

[3] Petitioner claims Respondent has admitted that Petitioner's judgment and sentence was held invalid by the decision in *Lafler.* Petition, Exhibit A, p. 1.

that persons in custody pursuant to State court judgments file habeas petitions within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner attempts to counter Respondent's argument that his petition is barred by this one-year limitation by contending that the "[t]ime periods BEGAN to run WHEN petitioner discharged his sentences in 2011; WHEN new policy was stated on T.V. (O.E.T.A.) in 2011; WHEN respondents enhanced petitioners sentence TO A DEATH SENTENCE in 2011; WHEN state Courts VIOLATED 12 O.S.)(1333-1334 IN 2012; and/or WHEN Okla. State Supreme Court issued their orders in 2011 and 2012. Response, p. 1.

As to Petitioner's claim that his petition is timely because it is in response to a 2011 television report of a new policy, no legal support has been submitted by Petitioner for the proposition that the Director of the Oklahoma Department of Corrections can, through a purported television discussion, create an enforceable right to a transfer to a minimum security facility and to release after serving twenty (20) years in prison. Petition, Exhibit A, pp. 3-4. Neither is the undersigned aware of any such legal authority. The same is true with respect to Petitioner's citation to Okla. Stat. tit. 12, §§ 1333, 1334; Petitioner has failed to develop any meaningful claim in this regard and, despite the requisite liberal construction of Petitioner's multiple submissions, no cognizable claim can be discerned.

As to Petitioner's claims with regard to the alleged discharge or enhancement of his sentence in 2011, a review of the petition reveals that his claims are grounded on the Oklahoma legislature's 1997 definition of a life sentence. Petition, p. 2; Judicial Notice of

Evidence, Doc. 8, pp. 1-2. He does not deny, nor can he, that he has long been aware of the factual predicate of these claims. *See Cotner v. Beck,* No. 05-CV-007, 2008 WL 376347 (E.D. Okla. Feb. 11, 2008). Contrary to Petitioner's arguments, Brief in Support Of Motion to Find State Confessions In State Courts Applicable to Over-Come States Answer To This Court's Order, And to Denie Respondents Motion to Dismiss, Doc. No. 27, p. 5, there is nothing about the Oklahoma Supreme Court's October 1, 2012, finding in *Cotner v. Creek County Dist. Court,* No. MA-110,696, which implicates a claim or claims not subject to the limitations bar. Petitioner's own filings reveal that the Oklahoma Supreme Court made no ruling on the merits of his claims but, instead, dismissed the mandamus action as a result of Petitioner's failure to overcome the filing fee limitations imposed upon him as a result of his history of pursuing frivolous or malicious appeals.[4] Response, Exhibits A and D.

To the extent Petitioner's allegations impact the duration of his confinement and state possible claims for habeas relief under 28 U.S.C. § 2241, they are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(D).[5]

---

[4]Moreover, a review of the mandamus petition, Petition, Exhibit B, discloses that it raises claims which are addressed pursuant to 28 U.S.C. § 2254: a plea bargain offer, ineffective assistance of counsel, and a motion for a new trial.

[5]Petitioner's focus on the recent decision in *Swarthout v. Cooke,* \_\_\_\_\_ U.S. \_\_\_\_\_, 131 S.Ct. 859 (2011), is likewise unhelpful to his challenge to the expiration of the limitations period. In *Swarthout*, the Supreme Court examined the California parole system, finding that federal habeas relief is unavailable for errors of state law and that such error is not a denial of due process. Petitioner fails to explain how Respondent was required to "comply" this decision. Petition, p. 2.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

It is recommended that Respondent's Motion to Dismiss Writ of Habeas Corpus be granted [Doc. No. 23] for lack of jurisdiction. If this recommendation is adopted, it is further recommended that all remaining motions be denied as moot.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of the Court by November 20, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of October, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE